UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERMONT L. BROUSSARD, | : | |
| | : | |
| Petitioner | : | |
| vs. | : | CIVIL NO. 1:CV-15-1569 |
| | : | |
| WARDEN DAVID J. EBBERT, | : | (Judge Caldwell) |
| | : | |
| Respondent | : | |

*M E M O R A N D U M*

I.  *Introduction*

On August 4, 2015, Petitioner, Anthony Joseph Broussard, a federal inmate at the United States Penitentiary in Lewisburg, Pennsylvania, (USP-Lewisburg), filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner paid the $5.00 filing fee. Broussard's sixty-six-page habeas petition asserts claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389, 91 S.Ct. 1999, 2001, 29 L.Ed.2d 619 (1971) and the Federal Tort Claims Act (FTCA). He presents claims of sexual assault, improper application of physical restraints, confiscation of property, and the denial of medical care for injuries sustained as a result of an attack by prison officials. He seeks monetary damages for his property loss, his injuries and the violation of his constitutional rights. He also seeks injunctive relief that would entitle him to see outside medical providers. (Doc. 1, Pet.) USP-Lewisburg's Warden, David J. Ebbert, is named as the Respondent.

We now give preliminary consideration to the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254.[1]  *See also* Rule 1(b) of the Rules Governing Section 2254 Cases.

For the reasons that follow, we will dismiss the § 2241 petition without prejudice to Petitioner pursuing his claims in a properly filed civil action, not by way of a habeas petition.

II.   *Discussion*

Federal prisoners may use a petition for a writ of habeas corpus to challenge "the validity of the fact or length of their confinement," *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 1836, 36 L. Ed. 2d 439 (1973), such as when a challenge is made to prison disciplinary proceedings that affect the length of confinement by depriving the prisoner of good-time credits. *Muhammad v. Close*, 540 US. 749, 750, 124 S.Ct. 1303, 1304, 158 L. Ed. 2d 32 (2004). In addition, when a prisoner seeks a "quantum change" in the level of custody, for example, when a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action. *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241-244 (3d Cir. 2005).

A habeas corpus petition is also the appropriate mechanism for a federal prisoner to challenge the execution of his sentence. *See Coady v. Vaughn*, 251 F.3d 480,

---

[1] Rule 4 provides in relevant part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

485 - 86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under § 2241); *Barden v. Keohane*, 921 F.2d 476, 478–79 (3d Cir. 1990) (federal inmate's challenge to Bureau of Prisons refusal to consider designating state prison as place for service of federal sentence to allow state and federal sentences run concurrently presents a cognizable habeas claim). *Cf. Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or under his conviction, [a civil rights action] is appropriate.")

In his habeas petition, Broussard raises constitutional and FTCA claims related to his injuries resulting from a cell extraction. He claims he was sexually assaulted during a strip search after prison officials used excessive force to extract him from his Special Management Unit cell. He claims his restraints were improperly applied and used for an inappropriate length of time. He also alleges he was not provided medically necessary care following this event during which his personal and legal property was confiscated. Within the relief section of his Petition, Broussard clearly states that he seeks monetary and injunctive relief via the FTCA and *Bivens, supra*. The injunctive relief sought is the right to see outside medical providers.

These claims are not cognizable in habeas since they do not challenge the legality or duration of Petitioner's confinement, or the execution of his sentence. *See Leamer*, 288 F.3d at 542. Additionally, his FTCA claim, which may only be brought against the United States, must be pursued in a civil action after he has exhausted his administrative remedies with the Bureau of Prisons. *See* 28 U.S.C. § 2675, *et seq.* The

Petition will therefore be dismissed, but without prejudice to bringing the claims in a proper civil action.[2]

III.   *Conclusion*

Based on the foregoing, Broussard's habeas petition, filed pursuant to 28 U.S.C. § 2241, will be dismissed without prejudice to any right he may have to raise his claims in a properly filed civil action.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date:  October 15, 2015

---

[2]  We note that Broussard has filed a civil rights action asserting many of the same claims. The court recently granted Broussard leave to file an amended complaint in that action.  *See Broussard v. Ebbert*, 1:CV-15-1568 (M.D. Pa.).